UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| *In re:* ) | | |
| GORDON GREEN, ) | | Bankruptcy No. 21 B 6189 |
| ) | | |
| Debtor. ) | | Judge Jacqueline P. Cox |
| _____ ) | | |
| ) | | |
| GORDON GREEN, ) | | |
| ) | | Case No. 22-cv-01402 |
| Debtor / Appellant. ) | | |
| v. ) | | Judge Sharon Johnson Coleman |
| ) | | |
| DAVID LEIBOWITZ, ) | | |
| ) | | |
| Trustee / Appellee. ) | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Debtor Gordon Green's appeal of the Bankruptcy Court's March 9, 2022 Ruling sustaining Trustee David Leibowitz's objection to Green's claimed exemption for a $73,200 Sun Life: Life Income Fund (the "Fund"). Having reviewed the briefs and heard from both parties in oral argument, the Court affirms the Bankruptcy Court's ruling.

**Background**

Green filed for Chapter 7 bankruptcy on May 11, 2021. In his voluntary petition, Green claimed an exemption for the Fund. This Fund is a Registered Retirement Savings Plan ("RRSP") organized under Canadian law that Green earned when he worked as a Visiting Professor at the University of Western Ontario. The Trustee filed an objection, arguing that this foreign Fund did not qualify for an exemption under Illinois law.

The Bankruptcy Court agreed with the Trustee that the Fund was not exempt from Green's bankruptcy estate. In its Order, the Bankruptcy Court noted that the federal bankruptcy code exempts retirement funds that are also exempt from taxation under the Internal Revenue Code

1

("I.R.C."), 26 U.S.C. §§ 401, 403, 408, 408A, 414, 457, or 501(a).[1] *See* 11 U.S.C. § 522(b)(3)(C) ("Section 522"). Focusing on I.R.C. § 401(a), which defines "trust[s] created or organized in the United States," the Bankruptcy Court found that the Canadian plan was not a qualified retirement plan because it was organized outside the United States. Although Green emphasized that his Fund fell under I.R.C. § 404A, which defines "qualified foreign plan[s]," the Bankruptcy Court noted that this provision only deals with the deductibility of employers' contributions to plans. The Bankruptcy Court also discussed how Section 522, which identifies tax-exempt retirement plans, did not include Section 404A. In conclusion, the Bankruptcy Court found that this Fund did not qualify for an exemption. Green timely appealed the Bankruptcy Court's decision.

**Legal Standard**

Federal district courts have jurisdiction over appeals from final orders of the bankruptcy court pursuant to 28 U.S.C. § 158(a)(1). District courts review the bankruptcy court's legal conclusions de novo and factual findings for clear error. *See in re Chicago Mgmt. Consulting Grp., Inc.*, 929 F.3d 803, 809 (7th Cir. 2019). Both a debtor's entitlement to an exemption and matters of statutory interpretation are questions of law. *See in re Hernandez*, 918 F.3d 563, 566 (7th Cir. 2019).

**Discussion**

The main dispute before the Court is whether the Fund is exempt from Green's bankruptcy estate under Illinois state law. Green relied on the Illinois Bankruptcy exemption for retirement funds as the basis for his exemption. This provision states:

> (a) A debtor's interest in or right, whether vested or not, to the assets held in or to receive pensions, annuities, benefits, distributions, refunds of contributions, or other payments under a retirement plan is exempt from judgment, attachment, execution, distress for rent, and seizure for the satisfaction of debts if the plan is (i) intended in good faith to qualify as a retirement plan under applicable provisions of the Internal Revenue Code of 1986, as now or hereafter amended, or (ii) is a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended.

---

[1] In this Opinion, this Court uses I.R.C. to refer to 26 U.S.C. § 401 *et seq.*

> (b) "Retirement Plan" includes the following: (1) a stock bonus, pension, profit sharing, annuity or similar plan or arrangement, including a retirement plan for self-employed individuals or a simplified employee pension plan; (2) a government or church retirement plan or contract; (3) an individual retirement annuity or individual retirement account; and (4) a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended.

735 ILCS 5/12-1006 ("Section 12-1006"). Exemption statues like this one should be interpreted liberally to help protect the debtor, *in re Barker*, 768 F.2d 191, 196 (7th Cir. 1985), but courts should still "be mindful to avoid interpreting an exemption statute in a way not contemplated by the legislature," *In re O'Malley*, 601 B.R. 629, 645 (Bankr. N.D. Ill. 2019) (internal citation omitted). The Trustee, who objects to the exemption, has the burden of proving that the debtor did not properly claim the exemption. *See in re Ritter*, 190 B.R. 323, 325 (Bankr. N.D. Ill. 1995).

The parties agree that the Fund does not fall within the scope of Section 12-1006(b) and is not a public employee pension plan. Therefore, this Court must consider whether the Fund was "intended in good faith to qualify as a retirement plan under applicable provisions of the Internal Revenue Code." Section 12-1006(a)(1). Green asserts that this provision must be read broadly. He claims that while Section 12-1006(b) tracks provisions of the Internal Revenue Code, Section 12-1006(a)(1) is a catch-all term, encompassing various *other* provisions of the Internal Revenue Code, such as Section 404A.

I.R.C. § 404A deals with "[d]eduction[s] for certain foreign deferred compensation plans." Under Section 404A(e), the Internal Revenue Code defines what constitutes a "qualified foreign plan" for the purpose of these deductions. Green argues that because the Code defines qualified foreign plans, it recognizes that foreign retirement plans exist. This, to Green, is sufficient to show that plans falling within this provision, like the Fund, are "intended in good faith to qualify as a retirement plan under the applicable provisions of the Internal Revenue Code." The Trustee does not dispute that the plan is a qualified foreign plan but contends that any fund governed by this provision is not a qualified retirement plan under the Internal Revenue Code.

3

As the Trustee maintained in oral argument, no court has found that a foreign plan qualifies as a retirement plan under the Internal Revenue Code—both parties have only pointed to one case that considered a similar issue, and while this case discusses Canadian retirement plans, it does not mention Section 404A at all. *See in re Ondrey*, 227 B.R. 211 (Bankr. W.D.N.Y. 1998). Thus, how to interpret Section 404A, and specifically how to interpret it within the Illinois bankruptcy code, is a novel issue.

Courts in this Circuit that have considered whether supposed retirement accounts fall within Section 12-1006(a)(i)'s reach have found that only tax-qualified retirement plans under the Internal Revenue Code are exempt. *See, e.g., in re West*, 507 B.R. 252, 259 (Bankr. N.D. Ill. 2014) ("To qualify for the Illinois exemption, the retirement plan . . . must come within the Internal Revenue Code provisions for tax-qualified retirement plans."); *in re O'Malley*, 601 B.R. at 646 ("[T]he Court holds that § 12-1006(a) exempts only retirement plans that are intended to be tax-qualified."); *in re Weinhoeft*, 275 F.3d 604, 606 (7th Cir. 2001) (discussing that 5/12-1006 includes "only tax qualified plans"). The question then remains: is a plan under Section 404A a tax-qualified retirement plan?

Attempting to show that Section 404A "qualified foreign plans" are not tax-qualified retirement plans, the Trustee focuses on the Illinois appellate court decision *In re Marriage of Branit*, 41 N.E.3d 518, 397 Ill. Dec. 107 (1st Dist. 2015) and maintains that this decision showed that "tax-qualified" retirement plans are those identified in Section 522. The *Branit* court considered a different issue: whether Inherited Individual Retirement Accounts ("IRAs") are "retirement plans." The *Branit* court explained "[t]he fact that the Illinois legislature intended section 12-1006 to be used in bankruptcy cases indicates that it was meant to be the Illinois equivalent of section 522 of the Bankruptcy Code." *Id.* at 523. Green argues this only means that the statutes have the same purpose, to protect *retirement* accounts, not that courts should interpret Section 12-1006 the same as it would Section 552. The Court agrees that the *Branit* court analogized the purpose of these

4

exemptions—to set aside funds for the purpose of retirement—and thus finds that the Trustee interprets *Branit* too narrowly when he maintains that *Branit* specifically instructed courts to interpret Section 12-1006 consistently with Section 522.

Instead, the Court finds another case cited by the Trustee, *In re Jokiel*, 453 B.R. 743 (Bankr. N.D. Ill. 2011) more instructive. There, the bankruptcy court considered whether a supplemental retirement plan qualified as a "retirement plan" under the Illinois statute. The Court found that "the Illinois exemption only applies to retirement plans that are intended to qualify for one or more []forms of preferred tax treatment." *Id.* at 747. As for why the Illinois statute was written broadly and does not identify specific Internal Revenue Code provisions like Section 522 of the Federal Bankruptcy Code, the Court determined that Illinois legislators drafted their statute with broader language to account for the fact that the Internal Revenue Code frequently changes. *Id.* at 749. This analysis reiterates how plans must be tax-qualified retirement plans to fall within the Illinois exemption, but also suggests why it is useful to consider the Federal Bankruptcy Code when determining *which* Internal Revenue Code provisions cover such plans.

Green nevertheless maintains that a plan under Section 404A is one of these tax-qualified retirement plans, pointing to *Wittman v. Koenig*, 831 F.3d 416 (7th Cir. 2016). But *Wittman* discussed Wisconsin's exemption statute, which does not "draw a clear, objective line separating retirement from non-retirement assets." *Id.* at 422. And although the Circuit references qualifying plans under §§ 401–409, it does not specify that § 404A covers qualified retirement plans. Thus, the Court does not find *Wittman* persuasive in this instance.

The Court agrees with Green that a tax-qualified retirement plan is not limited to plans under § 401(a), which was the crux of the Bankruptcy Court's analysis. Therefore, this Court disagrees with the Bankruptcy Court that Section 12-1006 incorporates by reference Section 401(a)'s specific country-of-origin requirement. Nonetheless, the Court finds that simply being mentioned in

5

the Internal Revenue Code provisions is not enough: a plan must be a tax-qualified retirement plan, and Section 404A does not define retirement plans but rather foreign deferred compensation plans more broadly. Section 404A plans indeed receive some sort of tax benefit, but that does not necessarily mean that they are qualified retirement plans. Retirement plans, like ERISA plans or IRAs, are subject to the Code's very specific requirements. These foreign qualified plans, although defined as "qualified" under the Code, are qualified for the purpose of *deductions*—the Code does not say anything more about whether they are qualified *retirement* plans, a term which otherwise covers plans governed by strict requirements. *See, e.g., in re O'Malley*, 601 B.R. at 637, 649 (distinguishing between nonqualified deferred compensation plans governed by I.R.C. § 409A and tax-qualified retirement plans).

Furthermore, although this Court does not solely base its analysis on the Federal Bankruptcy Code, Section 522 is instructive because it identifies certain Internal Revenue Code provisions associated with retirement plans to the exclusion of Section 404A. Thus, the Court concludes that Section 404A does not define qualified retirement plans. Although the Court sympathizes with Green that his specific Fund was likely intended for retirement, it concludes that Green has not pointed to an applicable provision of the Internal Revenue Code under which this Fund falls such that it qualifies for an exemption under Section 12-1006.

Finally, the parties spent time at oral argument discussing the "intended in good faith" requirement. This provision applies when an employee in good faith believes they are contributing to a qualifying plan, but it later turns out the plan did not qualify "because of some operational defect." *In re Bauman*, No. 11 B 32418, 2014 WL 816407, at *16 (N.D. Ill. Mar. 4 2014); *see also in re Jokiel*, 453 B.R. at 739 ("[B]y the clear language of the statute the intent must be to qualify under the tax code, and not simply that the plan was intended to be used for retirement."). Here, there is no operational defect: the foreign qualified plan is simply not a "retirement plan" under the Code.

6

Therefore, whether the Fund was intended in good faith to comply with Section 404A is not relevant, and the Court does not further consider whether the Fund meets the criteria established in Section 404A.[2]

**Conclusion**

The Court holds that plans governed by Section 404A are not tax-qualified retirement plans under the Internal Revenue Code, and thus are not exempt under Section 12-1006. Consequently, the Court affirms the Bankruptcy Court's ruling that the Fund is not exempt from the bankruptcy estate.

**IT IS SO ORDERED.**

Date: 8/31/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

---

[2] In his reply brief, Green advances a new argument, relying on portions of *Branit* to suggest why his Fund is tax qualified. Nothing in this analysis changes the Court's conclusion that plans governed by Section 404A are not tax-qualified retirement plans. The specific status of this Canadian retirement plan is thus not relevant.